UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
THE BOARD OF TRUSTEES                     :     CASE NO. 1:08-CV-1082
OF THE CLEVELAND ASBESTOS                 :
WORKERS PENSION FUND, et. al.             :
       Plaintiffs,                        :
                                          :
vs.                                       :     OPINION & ORDER
                                          :     [Resolving Doc. No. 3]
BERRY PIPE AND INSULATION,                :
COMPANY, et. al.                          :
       Defendants.                        :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Third-Party Plaintiffs, the Asbestos Workers Local No. 3 Joint Apprenticeship Committee; the International Association of Heat & Frost Insulators & Asbestos Workers Local No. 3; the Contractor's Industry Fund; the Asbestos Workers Local No. 3 Mechanic Upgrading/Fire Stop Training Fund; the Asbestos Workers Local No. 3 Drug Testing Fund; the Asbestos Workers Local No. 3 Union Training Fund; the Asbestos Workers Local No. 3 Union Building Fund; the Asbestos Workers Local No. 3 Anniversary Fund; the Asbestos Workers Local No. 3 Target Market Recovery Fund; the Asbestos Workers Local No. 3 Political Action Committee; the Florence Bernard/Alta Miller Scholarship Fund; and the International Association of Heat & Frost Insulators & Asbestos Workers Joint Apprenticeship Training Fund (hereinafter referred to as "Interveners"), move this Court to intervene in this action pursuant to Federal Rule of Civil Procedure 24.. [Doc. 3-1]. Neither Plaintiffs nor Defendants opposed the motion. For the following reasons, the Court **GRANTS** the motion to intervene.

Case No. 1:08-cv-1082
Gwin, J.

## I. Background

On April 28, 2008, Plaintiffs, the Cleveland Asbestos Workers' Pension Fund and the Cleveland Asbestos Workers Health and Welfare Fund, filed a complaint against the Defendants, the Berry Pipe and Insulation Company and its executive officers, alleging the breach of collective bargaining agreements, in violation of Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(a)(3), (e) and (f). The Plaintiffs seek monetary damages and an audit of the Defendants' finances pursuant to ERISA § 1145(g). [Doc. 1]. The Defendants have not yet filed an answer.

As defined by the 29 U.S.C. § 1001(21), the Plaintiffs are fiduciaries of trust funds ("Funds") established pursuant to 29 U.S.C. § 186(c)(5) to provide benefits to employees and their dependents. According to the complaint, the Defendants entered into collective bargaining agreements to make payments to the Funds, and have failed to do so. The Interveners represent the other funds that also provide benefits. The Interveners allege that the Defendants agreed to contribute to these funds, also pursuant to bargaining agreements. [Doc. 3-2 at 4].

## II. Discussion

Rule 24(a)(2) of the Federal Rules of Civil Procedure permits a third party, upon timely motion, to intervene in an action as "of right" when the applicant:

> claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed R. Civ. P. 24(a)(2). The Sixth Circuit has "interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: (1) timeliness of the

Case No. 1:08-cv-1082
Gwin, J.

application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997)* (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)).

Here there is no question that the motion was timely filed, given that the Intervening Plaintiffs filed their motion before the deadline for the Defendants' answer. [Doc. 3].

The Interveners must also show that they have a "direct and substantial" legal interest in this case. Here, the Plaintiffs have brought claims for payment and audit against a delinquent payor pursuant to ERISA § 1145(g), and the Interveners would like to bring the same claims. All of the funds to which the Defendants are obliged to make payments have a substantial interest in the determination of the Plaintiffs' case. The Sixth Circuit has found much less concrete interests direct and substantial. *See, e.g., Purnell v. City of Arkon, 925 F.2d 941, 945 (6th Cir. 1991)*.

The Plaintiffs' requested audit would certainly implicate the Interveners' interests if a review of the Defendants' books revealed that the Defendants' have been secreting funds. The Interveners' absence may impair their ability to ensure that their payments due are duly accounted for in the audit. *See Purnell, 925 F.2d at 948*.

The Plaintiffs have little incentive to protect the Interveners' interests should the Defendants' finances prove insufficient to permit full recovery for all parties. The Plaintiffs will therefore inadequately represent the Interveners' interests. *See Purnell, 925 F.2d at 949*. The Court thus finds that the Interveners may intervene as of right.

Even if the Interveners may not intervene as of right, the Court, in its discretion, finds

Case No. 1:08-cv-1082
Gwin, J.

adequate grounds to allow Applicant to intervene permissively under Fed. R. Civ. P. 24(b). Rule 24(b) of the Federal Rules of Civil Procedure enables courts, in their discretion, to permit intervention of third parties when the applicant's claim or defense and the main proceeding have "a question of law or fact in common," and instructs courts to consider whether "undue delay or prejudice" will result to the original parties as a result of intervention. Fed. R. Civ. P. 24(b).

Here, the Court finds that permitting the Interveners to participate in the present case would not result in undue delay or prejudice to the parties. Certainly, where the Defendants have yet to answer the Plaintiffs' Complaint and where the Court has not yet scheduled a Case Management Conference, the Interveners may see their claims efficiently resolved along with the Plaintiffs'. The Defendants have not responded to the Interveners' motion. Further, the Court finds that joining the Interveners will better serve the interests of the Defendants because they may see all the claims decided together and avoid costly repetitive litigation.

Moreover, given that the Interveners and the Plaintiffs are similarly situated fiduciaries of various trust funds to which the Defendants are obligated to make payments pursuant to similar collective bargaining agreements, it's likely that the adjudication of their claims will require determination of common questions of law and fact.

### III. Conclusion

For the above reasons, the Court **GRANTS** the motion to intervene.

IT IS SO ORDERED.

Dated: May 29, 2008                    s/    James S. Gwin
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE