UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
THE BOARD OF TRUSTEES OF THE :
CLEVELAND ASBESTOS WORKERS :
PENSION FUND, et al. :
: CASE NO. 1:08-CV-01082
Plaintiffs, :
:
:
INTERNATIONAL ASSOCIATION OF :
HEAT AND FROST INSULATORS & :
ALLIED WORKERS LOCAL NO. 3, et al., : OPINION & ORDER
:
Third-Party Plaintiffs, :
:
vs. :
:
: [Resolving Doc. No. 26]
BERRY PIPE & EQUIPMENT :
INSULATION COMPANY, et al., :
:
Defendants. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Defendants Berry Pipe & Equipment Insulation Company ("Berry Pipe"), Richard Berry, Sr. ("Richard Sr."), Richard Berry, Jr. ("Richard Jr."), and Martin Berry (collectively "Defendants") move to dismiss the complaint against them under Federal Rules of Civil Procedure Rule 12(b). [Doc. 26.] The Plaintiff Board of Trustees of Cleveland Asbestos Workers Pension Fund ("Board of Trustees") and Third-Party Plaintiff International Association of Heat and Frost Insulators & Allied Workers Local No. 3 ("Local No. 3") (collectively "Plaintiffs") oppose the motion. For the following reasons, this Court **PARTIALLY GRANTS** and **PARTIALLY DENIES** the Defendants' motion

Case No. 1:08-CV-01082
Gwin, J.

to dismiss.

### I. Background

Complaining that Defendants failed to contribute to employee trust funds in violation of a collective bargaining agreement and ERISA, the Board of Trustees sued the Defendants. [Doc. 1.] In their capacity as depositories for the contributions owing under the collective bargaining agreement and ERISA, Local No. 3 joined this action as Third-Party Plaintiffs. [Doc. 20.]

*I.A. Facts*

A collective bargaining agreement between the Insulation Contractors Association ("ICA") and Third-Party Plaintiff Local No. 3 established a Health and Welfare Fund and a Pension Fund. [Doc. 1 at 3.] The Plaintiff Board of Trustees manages these two funds. *Id.*

Berry Pipe is a member of the ICA and has employed union laborers entitled to receive benefits under the collective bargaining agreement. *Id.* at 3, 5. Because of this employment, the collective bargaining agreement requires Berry Pipe to contribute to the two trust funds that the Board of Trustees manages. *Id.* at 3, 5.

The Plaintiff Board of Trustees complains that Berry Pipe has failed to contribute to the two trust funds, failed to provide monthly reports of contributions as required by the collective bargaining agreement, and wrongly denied the Plaintiffs' request to inspect the Defendants' payroll records. *Id.* at 6-8.

*I.B. Arguments of the Parties*

The Defendants move to dismiss under Federal Rules of Civil Procedure Rule 12(b) saying the Plaintiffs failed to plead capacity to sue and in fact lacked capacity to sue. In challenging the Plaintiffs' capacity, the Defendants say the Plaintiffs lacked authority to sue and failed to exhaust the

Case No. 1:08-CV-01082
Gwin, J.

required administrative remedies. Additionally, the Defendants move to dismiss against Richard Sr., Richard, Jr., and Martin Berry under Rule 12(b)(6) saying that the Plaintiffs have failed to state a theory under which these Defendants may be individually liable.[1/] [Doc. 26; Doc. 38.]

The Plaintiffs respond that they have no affirmative burden to aver capacity to sue, and alternatively that they in fact did have capacity to sue. Regarding the individual Defendants, the Plaintiffs respond that the Court may hold those Defendants liable in their individual capacity because of their control over Berry Pipe. [Doc. 29; Doc. 30.]

## II. The Motion to Dismiss

The drafters of Rule 12 designed it "to expedite and simplify the pretrial phase of federal litigation while at the same time promoting the just disposition of civil cases." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1341 (3d ed. 2004). Rule 12(b), by its own terms, "only expressly permits the pleader to raise seven enumerated defenses." *Id.* at § 1360 (citations omitted). Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12. Federal courts have discretion to hear preliminary motions outside the enumerated seven, like the Defendants' general 12(b) motions, by expanding the scope of the enumerated seven. 5C Wright & Miller § 1360.

*II.A. Rule 12(b)(6) Motion*

In deciding a Rule 12(b)(6) motion, a court can dismiss a claim only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief."

---

[1/] The Defendants also had advanced an argument that, because they were delinquent in payments, they were no longer considered an employer under the pension plan. Because they were no longer considered an employer under the agreement, they no longer owed any payments. The Defendants have, however, withdrawn this argument for dismissal. [Doc. 38.]

-3-

Case No. 1:08-CV-01082
Gwin, J.

*Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). A court must accept all of the allegations contained in the claim as true and construe such claim "liberally in favor of the party opposing the motion." *Id.* While a court is obligated to accept as true the well-pleaded allegations in the complaint, the court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). The court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, the court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the plaintiff.

Here, the Board of Trustees did not name Martin Berry as a defendant. Local No. 3 added Martin Berry as a Defendant, but did not allege any claim against him. [Doc. 20 at 3.][2/] Because the Plaintiffs have advanced no claim against Martin Berry, this court **GRANTS** the Defendants' 12(b)(6) motion for failure to state a claim as to the Defendant Martin Berry.

The Board of Trustees Complaint does, however, state a sufficient claim against Richard Sr. and Richard Jr. The Complaint alleges that Richard Sr. and Richard Jr. "control the acts and practices" of Berry Pipe. [Doc. 1 at 4.] Based on this exercise of control, the Plaintiffs seek to hold Richard Sr. and Richard Jr. liable in their individual capacities. Without reaching the viability of such claims, this Court holds that the Complaint states a cause of action against Richard Sr. and Richard Jr. sufficient to survive a motion to dismiss.

*II.B. General Rule 12(b) Motions*

---

[2/] The Third-Party Complaint does not mention Martin Berry. When addressing the individual Defendants, Local No. 3 states, "Each Third-Party Plaintiff is the duly acting depository for payments made to its particular plan and/or fund under the current and past collective bargaining agreements to which [Berry Pipe], Richard Berry, Jr., and Richard Berry, Sr. (hereinafter referred to as "Defendants") are bound." [Doc. 20 at 3.] Local No. 3 failed to include Martin Berry in this group of collective Defendants.

Case No. 1:08-CV-01082
Gwin, J.

Under Rule 12(b), the Defendants move to dismiss saying the Plaintiffs failed to plead capacity to sue and in fact lacked capacity to sue.

*II.B.1. Pleading Capacity to Sue*

Rule 12(b) does not include lack of authority or failure to exhaust remedies among the seven enumerated defenses. FED. R. CIV. P. 12(b).

The Federal Rules do address authority, however, in Rule 9. Rule 9(a) explicitly states that "[i]t is not necessary to aver . . . the authority of a party to sue." FED. R. CIV. P. 9(a); *see* 5C Wright & Miller § 1360. Rule 9(a) provides the better procedure for addressing capacity: "[w]hen a party desires to raise an issue as to . . . the authority of a party to sue . . . , the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting facts as are peculiarly within the pleader's knowledge." *Id.* The Defendants have pointed to no authority that requires a plaintiff to aver authority or exhaustion of remedies in a case such as this. This Court declines to impose such a requirement.

*II.B.2 Factual Arguments and Consideration of Matters outside the Pleadings*

Besides saying in their motion to dismiss that the Plaintiffs failed to plead capacity to sue, the Defendants alternatively say that the Plaintiffs in fact lacked capacity to sue. The Complaints do not address the factual circumstances surrounding authority or exhaustion.[3/] Therefore, addressing the Defendants' argument that Plaintiffs "*in fact*" lacked capacity would require consideration of matters not contained in the pleadings. [Doc. 26 at 6 (emphasis added).] But in deciding a Rule 12(b)(6)

---

[3/] The Plaintiffs attached to the Complaint the legal documents governing the relationship between the parties involved here. The Defendants say these documents require the Plaintiffs to receive authority and exhaust remedies before they may bring a suit. Without passing on the Defendants' interpretation of these documents, they are not relevant to the Defendants' fact based argument because they do not describe the facts preceding the filing of the suit.

Case No. 1:08-CV-01082
Gwin, J.

motion, a court can generally only review matters in the pleadings. FED. R. CIV. P. 12(d).

While a court generally cannot consider matters outside the pleadings in 12(b)(6) motion, if a party submits and the court accepts matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56." Id. A court may convert the motion, but the conversion "should be exercised with great caution and attention to the parties' procedural rights." 5C Wright & Miller § 1366. The acceptance of materials outside the pleadings and therefore the conversion is in the "complete discretion" of the federal courts. Id. In deciding whether to convert a Rule 12(b)(6) motion into a Rule 56 motion, courts consider whether the conversion will "facilitate disposition of the action," the completeness of the material, and the desirability of discovery. Id.

Here, responding to the Defendants' motion to dismiss, the Plaintiffs have attached three affidavits suggesting that Plaintiffs did in fact have authority to sue. [Doc. 29, Ex. 1, 2, 4.] Replying, the Defendants have included two affidavits stating that the Plaintiffs did not in fact have authority to sue. [Doc. Ex. 1, 2.]

This Court declines to consider material outside the pleadings. None of the parties have asked this Court to convert the pending 12(b) motion into a motion for summary judgment. Additionally, this case is still in its infancy and discovery has not adequately developed the issues.

This Court will not convert this 12(b) motion into a motion for summary judgment and will therefore not consider any matters outside the pleadings to decide this pending 12(b) motion. While the Plaintiffs did not aver capacity to sue, the Complaints in no way suggest that the Plaintiffs lacked this capacity. Accordingly, this Court rejects the Defendants' factual arguments.

### III. Conclusion

The Plaintiffs had no affirmative duty to plead capacity. Nothing in the pleadings suggests

Case No. 1:08-CV-01082
Gwin, J.

that the Plaintiffs lacked authority to sue or failed to exhaust remedies. Accordingly, this Court **DENIES** the Defendants' 12(b) motion except as to the Defendant Martin Berry. Because the Plaintiffs advanced no claim against Martin Berry in the pleadings, this Court **GRANTS** the Defendants' 12(b)(6) as to Martin Berry.

    IT IS SO ORDERED


Dated: September 10, 2008             s/    *James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE