UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| THE BOARD OF TRUSTEES OF THE CLEVELAND ASBESTOS WORKERS PENSION FUND, et al. | : : : : : | |
| Plaintiffs, | : : : | CASE NO. 1:08-CV-01082 |
| INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS & ALLIED WORKERS LOCAL NO. 3, et al., | : : : : | OPINION & ORDER |
| Third-Party Plaintiffs, | : : | |
| vs. | : : | [Resolving Doc. No. 43-1] |
| BERRY PIPE & EQUIPMENT INSULATION COMPANY, et al., | : : : : | |
| Defendants. | : : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Would-be Intervenors James Gallagher, Chris Scarl, Michael Sweeny, Patrick Mulgrew, Scott Sullivan, the International Association of Heath and Frost Insulators & Allied Workers Local No. 3 Joint Apprenticeship Committee ("JATC"), and the International Association of Heat and Frost Insulators & Allied Workers Local No. 3 Mechanic Upgrading/Fire Stop Training Fund ("Training Fund") move to intervene in the main action under Federal Rules of Civil Procedure Rule 24(a)(2) and (b). [Doc. 43-1.] The Defendants oppose this motion. [Doc. 46.] For the reasons stated below, this Court **GRANTS** the motion to intervene.

-1-

Case No. 1:08-1082
Gwin, J.

# I. Background

Generally, a would-be intervenor has a right to intervene if they have an interest in the main action that, without intervention, may be impaired and no current party will adequately protect that interest. FED. R. CIV. P. 24(a)(2). A court also has discretion to allow intervention when, considering delay or prejudice to the current parties, the would-be intervenor's claim has a common question of law or fact with the main action. FED. R. CIV. P. 24(b). Because the intervention determination hinges on the identity and interests of all the parties involved, this Court will first detail the current state of the main action, and then address the merits of the Would-be Intervenors motion.

*I.A.  Identification of the Current Parties: a union and an employer establish benefits plans that are overseen by trustees.*

On April 28, 2008, the boards of trustees of a Pension Plan and a Health Plan[1] brought this main action to recover unpaid contributions from Defendant Berry Pipe & Equipment ("Berry Pipe"). Richard Berry, Sr. ("Berry, Sr.") and Richard Berry, Jr. ("Berry, Jr.") own and operate the Defendant Berry Pipe. [Doc. 1 at 4.] A collective bargaining agreement that Berry Pipe agreed to created the Plans. A board of trustees with an equal number of trustees representing the employers and the employees manages each Plan. [Doc. 46 at 3.] Berry Jr. is a trustee of the Health Plan and the Pension Plan; Berry Sr. is a trustee of the Pension Plan.

The terms of the collective bargaining agreement required Berry Pipe to contribute to these Plans. The Plaintiffs allege that Berry Pipe has failed to contribute or was delinquent in contributions to these Plans. [Doc. 46 at 5.] On May 5, 2008, shortly after the Plaintiffs filed their complaint, this Court allowed other Plans covered by the collective bargaining agreement to intervene in the main

---

[1] The full names of these plans are, the Cleveland Asbestos Workers Pension Fund, the Cleveland Asbestos Workers Health and Welfare Fund.

Case No. 1:08-1082
Gwin, J.

action. [Doc. 9.][2] These Plans also alleged that Defendants had failed to make required contributions or were delinquent in contributions.

*I.B.   Identification of the Would-be Intervenors: individual union trustees complain of the way the individual employer trustees have proceeded with this litigation.*

The Would-be Intervenors are two additional Plans and five additional individual trustees. The two additional Plans are the International Association of Heat and Frost Insulators & Allied Workers Local No. 3 Joint Apprenticeship Committee ("JATC"), and the International Association of Heat and Frost Insulators & Allied Workers Local No. 3 Mechanic Upgrading/Fire Stop Training Fund ("Training Fund").

James Gallagher and Chris Scarl are employee trustees for the Health Plan and the Pension Plan. Michael Sweeny is an employee trustee for the Health Plan, and Patrick Mulgrew is an employee trustee for the Pension Plan. These individual trustees seek to intervene even though the boards of trustees on which they serve are already Plaintiffs in the main action.

The remaining two individual trustees serve on the boards of trustees for the two additional Plans that now seek to intervene. Scott Sullivan serves as an employee trustee for the JATC, and James Gallagher acts as an employee trustee for the Training Fund.

After the filing of main action, the Boards of Trustees of the Heath and Pension Plans attempted to settle the action internally. The Boards of both the Pension Plan and the Health Plan

---

[2] These Plans are, the Asbestos Workers Local No. 3 Joint Apprenticeship Committee, the International Association of Heat & Frost Insulators & Asbestos Workers Local No. 3, the Contractor's Industry Fund, the Asbestos Workers Local No. 3 Mechanic Upgrading/Fire Stop Training Fund, the Asbestos Workers Local No. 3 Drug Testing Fund, the Asbestos Workers Local No. 3 Union Training Fund, the Asbestos Workers Local No. 3 Union Building Fund, the Asbestos Workers Local No. 3 Anniversary Fund, the Asbestos Workers Local No. 3 Target Market Recovery Fund, the Asbestos Workers Local No. 3 Political Action Committee, the Florence Bernard/Alta Miller Scholarship Fund, and the International Association of Heat & Frost Insulators & Asbestos Workers Joint Apprenticeship Training Fund. [Doc. 9.] This Court allowed those Plans to intervene. *Id.*

Case No. 1:08-1082
Gwin, J.

met together. [Doc. 43-4, Ex. 2 at 1-3.] At this meeting, the Defendant Berry, Jr., acting as trustee of the Plans, proposed a settlement offer on behalf of the Plans to Defendant Berry Pipe. After both Defendant Berry, Jr. and Berry, Sr. voted for this settlement offer to Berry Pipe, the Would-be Intervenors asked to have Berry, Jr. and Berry, Sr. recuse themselves from voting on the proposed settlement with Berry Pipe. Both Berry, Jr. and Berry, Sr. voted against this motion to recuse themselves. [Doc. 43-4, Ex. 2 at 1-3.]

*I.C. Arguments of the Parties*

The Would-be Intervenors say that they are entitled to intervene because they can best fulfill their fiduciary duty to the Plans as parties to the litigation, and because they, as opposed to the current parties, seek to have Berry, Jr. and Berry, Sr. disqualified as trustees for the Plans.

Responding, the Defendants say that this Court should not be involved in the internal decision making of the boards of trustees of the Plans, and that allowing the Would-be Intervenors to intervene would cause prejudice and delay to the current parties.

**II. Intervention**

The Would-be Intervenors seek both intervention of right and permissive intervention. This Court will address each in turn.

*II.A. Intervention of Right: the current Would-be Intervenors are not entitled to intervention of right because the current Plaintiffs will adequately protect their interests.*

Rule 24(a)(2) of the Federal Rules of Civil Procedure permits a third party, upon timely motion, to intervene in an action as "of right" when the would-be intervenor

> claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

-4-

Case No. 1:08-1082
Gwin, J.

Fed R. Civ. P. 24(a)(2). The Sixth Circuit has "interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)).

> *II.A.1. Timeliness: the Plan Would-be Intervenors' motion is untimely, but the individual trustee Would-be Intervenors' motion is timely because they only recently became aware of their need to intervene.*

Whether a motion for intervention is timely is within the discretion of the district court. *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000). The Sixth Circuit has identified five factors useful in a district court's evaluation of the timeliness of a motion to intervene:

> 1) the point to which the suit has progressed; 2) the purpose for which the intervention is sought; 3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; 4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and 5) the existence of unusual circumstances militating against or in favor of intervention.

*Jordan*, 207 F.3d at 862 (citing *Brubbs v. Norris*, 879 F.2d 343, 345 (6th Cir. 1989)).

Here, the Defendants say that intervention would greatly expand the scope of discovery on claims relating to Berry, Sr. and Berry, Jr.'s alleged breach of fiduciary duty, and may lead to new motions filed by the Would-be Intervenors. [Doc. 46 at 9.] These arguments go mostly to the progress of the current lawsuit. While the progress is a consideration, the timeliness requirement

Case No. 1:08-1082
Gwin, J.

seeks to screen out a motion to intervene when the delay or prejudice caused by the motion is the result of the would-be intervenor's sleeping on its rights. *See Jordan*, 207 F.3d at 862 (finding the motion untimely when the would-be intervenor "was aware of its interest" in the main action and had "numerous opportunities to intervene").

While the JATC and the Training Fund likely should have been aware of their interest in the main action when this Court allowed the other Plans to intervene, Berry Pipe has shown no prejudice that will result from the Plans' intervention. These Plans are intervening for the same reasons that this Court had previously allowed the other Plans to intervene. In opposing intervention, Berry Pipe says generally that intervention will delay the main action. [Doc. 46 at 8-9.] While Berry Pipe will have to file an answer to the JATC and the Training Fund's Complaint, this additional burden on Berry Pipe does not make the motion untimely, especially considering that the Complaint, as related to JATC and the Training Fund, presents the same issues as the Complaint previously filed by the other intervening Plans.[3]

The motion to intervene is also timely as it relates to the individual trustee Would-be Intervenors. The meeting about which the individual trustee Would-be Intervenors complain occurred on August 25; they filed their motion to intervene on September 10. [Doc. 43-1; Doc. 43-4, Ex. 2.] The Defendants have pointed to no specific prejudice they will suffered by the Would-be Intervenors' short delay in filing. Accordingly, this Court holds that the motion to intervene was timely.

> *II.A.2. Substantial Legal Interest: the Would-be Intervenors have a substantial legal interest in ensuring the Plans are adequately compensated.*

---

[3] While the proposed Complaint attached to the motion to intervene generally asserts a breach of fiduciary duty claim, under ERISA, a Plan cannot assert a breach of fiduciary claim because a Plan is not a fiduciary.

Case No. 1:08-1082
Gwin, J.

The Would-be Intervenors say they have an interest in this litigation because they have "fiduciary obligations to the Plans," and therefore must "ensure that this case is resolved in a manner that is most favorable to the Plans." [Doc. 46 at 7.]

The interest identified here by the Would-be Intervenors is a sufficient interest. The main action here concerns allegedly unpaid contributions to the Plans and the Would-be Intervenors are fiduciaries to those Plans.

> *II.A.3. Impairment of Ability to Protect Interest: the Would-be Intervenors' interest may be impaired without intervention.*

The Would-be Intervenors say that if this Court does not allow intervention, the Plans may not be able to receive as favorable of a judgment or a settlement from Berry Pipe. [Doc. 43-1 at 8.] A settlement or resolution between the Plaintiff Plans and the Defendants would bind the Would-be Intervenors and prevent them from re-litigating the unpaid contributions. If unable to intervene, the Would-be Intervenors' interest may be impaired.

> *II.A.4. Adequacy of Representation: the Would-be Intervenors' interest is identical to the current Plaintiffs interest.*

When "the interest of the [would-be intervenor] is identical with that of one of the existing parties . . . representation will be presumed adequate unless special circumstances are shown." 7C Wright, Miller, and Kane, *Federal Practice and Procedure § 1909*. Courts have held that any of the following three circumstances will sufficiently show inadequacy of representation: (1) collusion is shown between the representatives and an opposing party, (2) the representative has or represents an interest adverse to the would-be intervenor, or (3) the representative has failed it its fulfillment of duty. *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (citations omitted). A "mere disagreement over litigation strategy . . . does not in and of itself, establish inadequacy of

Case No. 1:08-1082
Gwin, J.

representation." *Bradley*, 828 F.2d at 1192.

Here, the ultimate interests of the Plaintiffs and the Would-be Intervenors are identical. As trustees, the Would-be Intervenors seek to vindicate the rights of the Plans they manage. But the Plans they manage are already currently Plaintiffs in the main action. The Would-be Intervenors essentially say that they are entitled to intervention because the Plans will not adequately represent their own interests.

The Would-be Intervenors have made no allegations of collusion between the representative and an opposing party, and have made no allegation that the representatives have adverse interests.

The Would-be Intervenors do, however, claim that the Plaintiffs have failed their duty, saying that, "none of the other Plaintiffs are seeking to remove Defendant Berry, Sr. and Defendant Berry, Jr. as trustees of the Plans." [Doc. 43-1 at 8.] This disagreement in litigation strategy, however, is not sufficient to overcome the presumption that a party with identical interests will generally be a sufficient representative. In saying that they would pursue this litigation differently, the Would-be Intervenors are not asserting an individual, personal interest, but attempt to protect the interest of a current party to the litigation, the Plans, that they are supposed to represent. As the Sixth Circuit held in *Bradley*, this mere disagreement is not enough to show inadequate representation.

Accordingly, this Court holds that, while the Would-be Intervenors have an interest in the litigation that may be impaired if they are not able to intervene, the current Plaintiffs will adequately represent their interest in the litigation. This Court **DENIES** the Would-be Intervenors motion to intervene under Rule 24(a)(2).

*II.B. Permissive Intervention*

Under Rule 24(b), a court has discretion to allow intervention upon a timely motion when the

Case No. 1:08-1082
Gwin, J.

would-be intervenor has a "claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). In the exercise of this discretion, a court considers whether the intervention will "unduly delay or prejudice the adjudication of the original parties' rights." *Id.* While delay is an important consideration, a court should deny permissive intervention when the addition of parties will cause *undue* delay. FED. R. CIV. P. 24(b); *see* 7C *Federal Practice and Procedure* at § 1913 ("Additional parties always take additional time that may result in delay and that thus may support the denial of intervention. But delay in and of itself does not mean that intervention should be denied.") (footnotes omitted). In the delay analysis, a court should "balance whatever delay may occur against the advantages of the disposition of all of the claims or defenses in one action." 7C *Federal Practice and Procedure* at § 1913.

As discussed above, the motion presented here is timely and the parties here have common questions of both law and fact. The addition of the new Plans and the individual trustees, however, may cause some delay to the action.

The Would-be Intervenors purpose for intervention is to assert a claim of breach of fiduciary duty against Berry, Sr. and Berry, Jr. The scope of discovery on such an action is necessarily broader than the narrow issue of delinquent contributions in the main action. But the scope of discovery here would not be so broad as to preclude intervention.

Both claims present many common issues of law and fact. Because of these similar issues, this matter will be resolved most efficiently if the claim for breach of fiduciary duty is brought before this Court at the same time as the Plaintiffs' claims for delinquent contributions. Accordingly, this Court **GRANTS** the Would-be Intervenors Rule 24(b) motion.

Case No. 1:08-1082
Gwin, J.

### III. Conclusion

Because the current Plaintiffs adequately represent the interests of the Would-be Intervenors, this Court **DENIES** the motion for intervention of right. However, because the dispute between the parties will be more efficiently addressed in a single action, this Court **GRANTS** the Would-be Intervenors' motion for permissive intervention.

IT IS SO ORDERED.


Dated: October 16, 2008                    s/        *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE