UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

THE BOARD OF TRUSTEES OF THE : 
CLEVELAND ASBESTOS WORKERS :
PENSION FUND, *et al.*, :
: CASE NO. 1:08-01082-JG
Plaintiffs, :
:
And : OPINION & ORDER
: [Resolving Doc. Nos. 22-1, 28, 46-1.]
INTERNATIONAL ASSOCIATION OF :
HEAT AND FROST INSULATORS & :
ALLIED WORKERS LOCAL NO. 3, *et al.*, :
:
Third-Party Plaintiffs :
:
vs. :
:
BERRY PIPE & EQUIPMENT :
INSULATION COMPANY, *et al.*, :
:
Defendants. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Third-Party Plaintiffs move this Court for an Order of Attachment under Ohio Revised Code section 2715.01 - 2715.56. [Doc. 22-1.] The Defendants have not responded to the motion. For the reasons stated below, this Court **GRANTS** the motion for an Order of Attachment.

**I. Background**

After the Third-Party Plaintiffs moved this Court for an Order of Attachment, the Defendants moved this Court to extend the time for response until 10 days after this Court's ruling on the Defendants' motion to dismiss. [Doc. 28.]

-1-

Case No. 1:08-01082-JG
Gwin, J.

On September 10, 2008, this Court issued an Order denying the Defendants motion to dismiss. [Doc. 42.] As of October 16, 2008, the Defendants still have not filed a response to this motion for attachment. Accordingly, this Court will treat the motion for attachment as ripe.[1]

## II. Analysis

Federal Rules of Civil Procedure Rule 64 governs prejudgment attachment, and requires a district court to follow state law attachment procedures:

> [E]very remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

FED. R. CIV. P. 24(b). Ohio Revised Code section 2715.01 - 2715.56 provide the procedure for attachment in Ohio. In filing a motion for attachment, a plaintiff must comply with several procedural requirements described in the Code. Below, this Court will first address these general requirements. The Code also provides additional protections to a defendant when a court will grant an order for attachment without an evidentiary hearing. O.R.C. § 2715.042. After a discussion of the general requirements, this Court will then address the special requirements for an attachment order without an evidentiary hearing, which is here appropriate because the Defendants have not responded to the motion or requested an evidentiary hearing.

*II.A. General Attachment Procedure: the plaintiff must file an affidavit describing the grounds for attachment and the property to be attached.*

When a plaintiff files a motion for attachment, the plaintiff must attach an affidavit by the plaintiff, an agent, or attorney that states the nature of the claim, the grounds for attachment, a

---

[1] While it is true that this Court has never expressly ruled on the Defendants' request for an extension of time to respond to the Third-Party Plaintiffs' attachment motion, the time for the Defendants' response to the motion, with or without such an extension, has long since passed.

-2-

Case No. 1:08-01082-JG
Gwin, J.

description of the property, and the location and use of the property. O.R.C. § 2715.03.

Section 2715.01 provides several grounds for attachment. Pertinent to this case, the section allows attachment when a defendant has or will arrange their property to avoid a potential judgment:

> (A) An attachment against the property . . . of a defendant may be had in a civil action for the recovery of money . . . on any one of the following grounds:
>
> . . .
>
> > (9) That the defendant has assigned, removed, disposed of, or is about to dispose of, property, in whole or in part, with the intent to defraud creditors.

O.R.C. § 2715.01.

A plaintiff must also serve a defendant with a notice of the motion for attachment. O.R.C. § 2715.041. Before an order of attachment is effective, a plaintiff must pay a bond based on the value of the attachment. To satisfy this statutory requirement, a plaintiff "may deposit with the clerk of the court cash in an amount . . . equal to twice the amount of the claim of the plaintiff." O.R.C. § 2715.044.

In moving for attachment, the Third-Part Plaintiffs included an affidavit by their agent, business manager James S. Sullivan. Sullivan stated that the claim arises from the Defendants' failure "to make fringe benefit payments." As grounds for the attachment, Sullivan said that, "Defendant Berry Pipe . . . transferred property . . . to his son, Martin G. Berry, with the intent to defraud Plaintiffs, on June 6, 2008, after Third[-]Party Plaintiffs filed their Complaint." [Doc. 22-2 at 3.]

Sullivan continues that the amount of the claim is not likely "to exceed $20,000.00," lists the property to be attached and its location at "1600 East 254th Street, Cleveland, Ohio 44114," and states that the property is "used in carrying out Defendants' business." [Doc. 22-2 at 1-3.]

-3-

Case No. 1:08-01082-JG
Gwin, J.

The Third-Party Plaintiffs have also served the proper notice on the Defendants, [Doc. 23,] and are "prepared to provide a check for twice th[e amount of the claim], $40,000.00, to the Court," [Doc. 22-2 at 2.]

The Third-Party Plaintiffs have satisfied these general attachment requirements.

*II.B.   Attachment without a Hearing: a court can attach property without a hearing if the defendant fails, without excuse by the court, to request a hearing, and the court finds that probable cause supports the motion for attachment.*

The Ohio Revised Code allows a defendant to request a hearing on an attachment motion. O.R.C. § 2715.04. A hearing, however, is not mandatory. O.R.C. § 2715.042. But before a court can order attachment without a hearing, a court must find that (1) the plaintiff filed proper notice on the defendant, (2) the defendant has not requested a hearing within the statutory period and the court has not granted any continuance to this time period, (3) the defendant has not provided any bond to cover the amount of the plaintiff's claim, and (4) that probable cause supports the motion. OR.C. § 2715.042.

Here the Third-Party Plaintiffs have filed the appropriate notice, the Defendant has not responded to the motion within the required time period under section 2715.04, and the defendant has not provided any bond to cover the potential cost of the Third-Party Plaintiffs' claims.

This Court also holds that probable cause supports a finding that the Defendants "ha[ve] assigned, removed, disposed of, or [are] about to dispose of, property, in whole or part, with the intent to defraud creditors. O.R.C. § 2714.01. The Third-Party Plaintiffs have supplemented their initial brief to this Court with an additional affidavit by Sullivan. [Doc. 48-2 at 1-2.] In the supplemental affidavit, Sullivan states that on September 4, 2008, the Defendants formed a new company, Berry Industrial Insulation Company ("Berry Industrial"). [Doc. 48-2 at 2.]

-4-

Case No. 1:08-01082-JG
Gwin, J.

Defendant Berry acts as the chief executive officer of Berry Industrial, and Keith Balski, owner of Demand Insulation, serves as the vice president. [Doc. 48-2 at 1.] The Defendants laid off several employees after this litigation began, and several of those employees are now working for Demand Insulation. [Doc. 48-2 at 2.] According to Sullivan's uncontradicted affidavit, the Defendants formed the new Berry Industrial to "maintain [their] customer base and remain in business, yet avoid the obligations [they] owe[] to Third-Party Plaintiffs." [Doc. 48-2 at 2.]

This Court finds that the Third-Party Plaintiffs have presented adequate evidence to support their grounds for attachment.

### III. Conclusion

Because the Third-Party Plaintiffs have met all the requirements for this Court to order attachment, and because the Defendants have not responded to this motion, this Court grants the Third-Party Plaintiffs' motion for attachment. Before this order is effective, the Third-Party Plaintiffs must provide bond in the amount of $40,000.00 in accordance with Ohio Revised Code section 2715.044.

### IV. ORDER

Once the Third-Party Plaintiffs have complied with the bond requirement, the Third-Party Plaintiffs may present this Order to any authorized levying officer in the state to attach the property listed in the Third-Party Plaintiffs' affidavit:

> a.) Real property located at 1600 East 25th Street, Cleveland, Ohio and further described in exhibit "A".
> b.) 12 Foot Box Truck
> c.) 8 Foot Pick-up Truck
> d.) 3 Scissors Lifts
> e.) Fabrication Equipment to include: Crimpers, Beaders, Easy Edger, Pittsburgh Machine, Sewing Machine, Ladders, Scaffolding, Band Saw, 8 Foot Metal Break,

Case No. 1:08-01082-JG
Gwin, J.

    Office Desks and Furniture, Computers/Printers/Scanners, Copy Machines, Shredder, File Cabinets, Stove, Refrigerator.

[Doc. 22-2 at 2.] The Defendants may recover the property described above by filing bond in accordance with Ohio Revised Code sections 2715.10 or 2715.26.

    IT IS SO ORDERED.


Dated: October 17, 2008                          s/      *James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE